# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Kendall T. Cohen, ) | |
| ) | Case No.: 2:09-cr-160-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Kendall Cohen moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 665). The Court previously stayed this matter pending the Supreme Court's decision in *Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). Now that the Supreme Court has issued an opinion in *Beckles*, *see* No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017), the stay is lifted.

The central premise of Cohen's § 2255 motion is that U.S.S.G § 4B1.2(a)(2)'s residual clause is void for vagueness. *Cf. Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The Supreme Court squarely rejected that argument in *Beckles*. 2017 WL 855781, at *11. Consequently, Cohen's § 2255 motion lacks merit.

For the foregoing reasons, it is **ORDERED** that Jennings' § 2255 motion is **DENIED**.[1]

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 6, 2017**
**Charleston, South Carolina**

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the merits of his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Cohen has not satisfied that standard. Accordingly, the Court declines to issue a certificate of appealability. *See* R. 11(a), § 2255 Rules.